UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NORMAN POWELL,

                          Plaintiff,

vs.                                              3:09-CV-01082
                                                               (FJS/GHL)

MICHAEL ASTRUE,
*Commissioner of Social Security*,

                          Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

LACHMAN & GORTON                         PETER A. GORTON, ESQ.
*Counsel for Plaintiff*
1500 East Main Street
Endicott, NY 13761-0089

SOCIAL SECURITY ADMINISTRATION      KRISTINA COHN, ESQ.
Office of the Regional General Counsel          Special Assistant U.S. Attorney
*Counsel for Defendant*
26 Federal Plaza - Room 3904
New York, NY 10278

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION[1]

**I.    BACKGROUND**

    **A.    Procedural History**

On January 21, 2007, Plaintiff Norman Powell protectively applied for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Administrative Transcript ("T") 93-95, 98-101. On July 1, 2009, a hearing was held before an Administrative Law Judge ("ALJ"). T 20-42. On July 30, 2009, the ALJ determined that Plaintiff was not disabled. T 9-19.

Plaintiff appealed to the Appeals Council. On September 4, 2009, the Appeals Council

---

[1] This matter was referred to me for report and recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  T 1-4.  Plaintiff commenced this action on September 23, 2009.  Dkt. No. 1.

### B. The Contentions

Plaintiff makes the following claims:

1. The RFC determination is incorrect because the ALJ failed to consider limitations from Plaintiff's bilateral carpal tunnel syndrome, sleep apnea, and obesity.  Dkt. No. 11 at 5-8.

2. The RFC determination is incorrect because the ALJ improperly evaluated the credibility of Plaintiff.  Dkt. No. 11 at 8-12; Dkt. No. 13-1.

3. The ALJ erred by not calling a vocational expert.  Dkt. No. 11 at 12.

Defendant disagrees, and argues that the decision should be affirmed.  Dkt. No. 12.

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or supplemental security income benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability.  20 C.F.R. § 404.1520.  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."  [20 C.F.R.] §§ 404.1520(b), 416.920(b).  At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  [20 C.F.R.] §§ 404.1520(c), 416.920(c).  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies.  [20 C.F.R. §§] 404.1520(d), 416.920(d).  If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[]  If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[]  [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps.  *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002).  If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy.  *Id.*

    **B.**    **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the

3

correct legal standards were applied and whether substantial evidence supports the decision. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587-88 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams o/b/o Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

**III.     THE PLAINTIFF**

Plaintiff, who was forty-one years old at the time of the hearing, completed high school and "truck driving training." T 23-24. Plaintiff lived with his fiancée and her family. T 26. He has two sons. *Id.*

Plaintiff alleges that on February 21, 2004, he was involved in a truck accident "while at work." T 24, 115. He has been unable to work since that date. *Id.* He claims disability due to the resulting injuries to his back and "left side." T 115.

## IV.  THE ALJ'S DECISION

In determining that Plaintiff was not disabled, the ALJ made the following findings:

1. Plaintiff had not engaged in substantial gainful activity since the alleged onset date. T 14.

2. Plaintiff's back and neck injuries and carpal tunnel syndrome were severe impairments. T 14.

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T 14.

4. Plaintiff had the RFC to perform sedentary work "except that he can only perform simple tasks because of pain." T 14-18.

5. Considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Thus, Plaintiff was not disabled. T 18-19.

## V.  DISCUSSION

### A.  RFC

Plaintiff alleges that the RFC determination is incorrect because the ALJ (1) failed to consider limitations from Plaintiff's severe bilateral carpal tunnel syndrome, sleep apnea, and obesity; and (2) improperly evaluated Plaintiff's credibility. Dkt. No. 11 at 5-12. Defendant argues that the ALJ committed no such errors. Dkt. No. 12 at 13-19.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing despite his or her impairments. 20 C.F.R. § 404.1545(a). An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomatology, including pain, and other limitations that could interfere with work activities on a regular and continuing basis. *Id.; Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999)(Hurd, D.J.).

To properly ascertain a claimant's RFC, an ALJ must assess a claimant's exertional capabilities, addressing his or her ability to sit, stand, walk, lift, carry, push and pull. 20 C.F.R. § 404.1569a. Non-exertional limitations or impairments, including impairments that result in postural and manipulative limitations, must also be considered. 20 C.F.R. § 404.1569a; *see also* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). When making an RFC determination, an ALJ must specify those functions that the claimant is capable of performing; conclusory statements concerning his or her capabilities, however, will not suffice. *Martone*, 70 F. Supp. 2d at 150. Further, "(t)he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A.). An administrative RFC finding can withstand judicial scrutiny only if there is substantial evidence in the record to support each requirement listed in the regulations. *Martone*, 70 F. Supp. 2d at 150.

Here, the ALJ found that Plaintiff had the RFC to perform sedentary work "except that he can only perform simple tasks because of pain." T 15. In making this determination, the ALJ erred in the following regards.

### 1. Function-by-Function Assessment

First, I find that the ALJ failed to identify Plaintiff's functional limitations or restrictions "on

6

a function-by-function basis" before expressing the RFC finding. An RFC assessment "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945."[2] SSR 96-8p, 1996 WL 374184, at *1; *see McEaney v. Comm'r of Soc. Sec.*, 536 F. Supp. 2d 252, 258 (N.D.N.Y. 2008) (Hurd, J.) (finding that ALJ erred by failing to provide a function-by-function assessment of the plaintiff's capacities); *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 208 (W.D.N.Y. 2005) (finding that RFC determination is not supported by substantial evidence where ALJ failed to provide function-by-function analysis of the plaintiff's RFC). Moreover, "[e]ach function must be considered separately (e.g., "the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours")." SSR 96-8p, 1996 WL 374184, at *5; *see Matejka*, 386 F. Supp. 2d at 208 (noting that ALJ erred by failing to address the plaintiff's abilities to sit, stand, or walk). Only then may the RFC be expressed in terms of the exertional levels of work: sedentary, light, medium, heavy, and very heavy. SSR 96-8p, 1996 WL 374184 at *1.

Here, the ALJ summarily stated that Plaintiff was capable of performing sedentary work "except that he can only perform simple tasks because of pain." T 15. This finding was made without any meaningful assessment of Plaintiff's work-related abilities on a function-by-function

---

[2] The functions in paragraph (b) of sections 404.1545 and 416.945 include "certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching) . . . ." 20 C.F.R. §§ 404.1545(b), 416.945(b). The functions in paragraph (c) of sections 404.1545 and 416.945 include "certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting . . . ." 20 C.F.R. §§ 404.1545(c), 416.945(c). The functions in paragraph (d) of sections 404.1545 and 416.945 include "[s]ome medically determinable impairment(s), such as skin impairment(s), epilepsy, impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions . . . ." 20 C.F.R. §§ 404.1545(d), 416.945(d).

basis. Instead, the ALJ simply recited the evidence in the record, and vaguely stated the weight assigned to various opinions. Thus, the ALJ failed to identify any functional limitations or restrictions, such as any limitations resulting from Plaintiff's bilateral carpal tunnel syndrome (which the ALJ found was severe), sleep apnea, and obesity, which was error. The regulations provide that when an impairment is severe, "we will consider the limiting effects of all your impairments even those that are not severe." 20 C.F.R. § 404.1545(e). Accordingly, the matter in this regard should be remanded.

### 2. Credibility

Second, as argued by Plaintiff, Dkt. No. 11 at 8-12, the ALJ failed to properly assess Plaintiff's credibility.

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).

To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529; *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. § 404.1529(a). Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's

8

symptoms to determine the extent to which they limit the claimant's capacity to work.  20 C.F.R. § 404.1529(c).  When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. § 404.1529(c)(3).  An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence.  *Murphy v. Barnhart*, No. 00-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citations omitted)).

      Here, the ALJ's assessment of Plaintiff's credibility is unclear.  The ALJ appears to find Plaintiff credible only to the extent that his allegations supported his RFC determination.  T 17 ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms are not credible to the extent they are inconsistent with the [RFC] assessment.").  However, under the regulations, the ALJ must consider Plaintiff's symptoms "and the extent to which his symptoms [could] reasonably be accepted as *consistent with the objective medical evidence and other evidence*."  20 C.F.R. § 404.1529(a) (emphasis added).  Therefore, the propriety of the ALJ's finding that Plaintiff was credible only to the extent that his statements were consistent with his own RFC determination is questionable.

      In any event, the ALJ failed to indicate the weight he gave to Plaintiff's statements.  As

9

noted, he vaguely stated that Plaintiff was credible to the extent that his allegations were consistent with the RFC determination. An ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the ALJ gave to the individual's statements and the reasons for that weight. SSR 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996). Here, the ALJ's decision is not sufficiently specific to make clear to this Court what weight the ALJ gave to Plaintiff's statements.

Moreover, the ALJ failed to discuss the required factors set forth in the regulations. Instead he vaguely stated that Plaintiff's statements "are inconsistent with the objective medical evidence and his generally conservative treatment history." T 17. However, the ALJ failed to identify what statements were inconsistent.

Further, I find the RFC determination that Plaintiff can perform sedentary work "except that he can only perform simple tasks *because of pain*" inconsistent with the ALJ's finding that Plaintiff lacked credibility. It is unclear how the ALJ limited the RFC determination based on Plaintiff's pain while at the same time finding that Plaintiff was not totally credible. Moreover, the ALJ failed to define "simple tasks."

In light of the foregoing, the Court is unable to find that the ALJ properly evaluated Plaintiff's credibility. Therefore, the matter should be remanded in order for the ALJ to properly analyze Plaintiff's credibility.

### 3. Treating Physician

Third, although not raised by Plaintiff, I note that the ALJ erred by affording less than controlling weight to the opinions of Plaintiff's treating physicians without engaging in the proper

analysis required by the regulations.

The medical opinions of a treating physician are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Even if the treating physician's opinion is contradicted by substantial evidence and thus is not controlling, it still may be entitled to significant weight "because 'the treating source is inherently more familiar with a claimant's medical condition than are other sources.'" *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 627 (S.D.N.Y. 2006) (quoting *Gonzalez v. Callahan*, No. 94 Civ. 8747, 1997 WL 279870, at *11 (S.D.N.Y. May 23, 1997) (citing *Schisler v. Bowen*, 851 F.2d 43, 47 (2d Cir. 1988))).  However, if not controlling, the proper weight given to a treating physician's opinion depends upon the following factors: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Omission of this analysis is considered failure to apply the proper legal standard, and is grounds for reversal of the Commissioner's determination.  *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998).

In particular, the ALJ stated that he afforded "significant" weight to the opinion of Plaintiff's treating physician, Saejoun Parks, M.D.  T 17 ("Significant weight has been given to the opinions of the remaining treating . . . sources in the record.).  However, the ALJ clearly did not afford controlling weight to this opinion, and failed to engage in the required analysis.  Dr. Parks opined, *inter alia*, that Plaintiff was unable to lift and carry any weight, could stand and/or walk less than

two hours per day, and was limited in his abilities to push and/or pull. T 183-87. Thus, the ALJ's failure to engage in a proper treating physician analysis provides another basis for remand.

### B. Medical-Vocational Guidelines

Plaintiff argues that the ALJ erred when he failed to consult a vocational expert. Dkt. No. 11 at 12. Defendant argues that the ALJ made no such error in this regard. Dkt. No. 12 at 19-21.

Because the Court is recommending remand for several reasons, the Court recommends remand on this issue as well. Upon remand, the ALJ shall obtain the opinion of a vocational expert if Plaintiff's nonexertional limitations present significant limitations. *See Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986) (holding that if a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations" the application of the grids is inappropriate).

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, the Commissioner's determination of no disability be VACATED and the matter REMANDED to the agency for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 13, 2010
       Syracuse, New York

George H. Lowe
United States Magistrate Judge